**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN A. GERIN and MARY KATHLEEN HUGHES, on behalf of themselves and all others similarly situated,<br><br>          Plaintiff,<br><br>    vs.<br><br>AEGON USA, INC., AEGON FINANCIAL SERVICES GROUP, INC., AFSG SECURITIES CORPORATION, PFL LIFE INSURANCE COMPANY, AUSA LIFE INSURANCE COMPANY, INC., WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO, and BANKERS UNITED LIFE ASSURANCE COMPANY,<br><br>          Defendants. | No. C 06-5407 SBA<br><br>**ORDER**<br><br>(Docket No. 6) |

This matter comes before the Court on Plaintiffs' Motion to Appoint Carolyn A. Gerin, Mary Kathleen Hughes, Douglas G. Wiseman and John Arizpe for Appointment as Co-Lead Plaintiffs, and for Approval of Their Selection of Counsel.

**BACKGROUND**

On December 4, 2006, Plaintiffs Carolyn Gerin, Mary Kathleen Hughes, Douglas Wiseman and John Arizpe filed an Amended Complaint in this Court, on behalf of themselves and all others similarly situated, against Defendants Aegon USA, Inc., Aegon Financial Services Group, Inc., AFSG Securities Corporation, PFL Life Insurance Company, AUSA Life Insurance Company, Inc., Western Reserve Life Assurance Co. of Ohio and Bankers United Life Assurance Company. Am. Compl. at ¶¶21-38. Plaintiffs allege Defendants violated sections 11, 15, and 12(a)(2) of the

Securities Act by making materially false and misleading statements and omissions, principally in their prospectuses, which induced Plaintiffs and other members of the Class to purchase the tax-deferred variable annuity contracts. Plaintiffs seek compensatory damages, declaratory and injunctive relief. Am. Compl. at ¶¶200-276.[1]

On November 6, 2006, Plaintiffs Carolyn A. Gerin and Mary Kathleen Hughes, along with Douglas G. Wiseman, and John Arizpe (who were not named Plaintiffs in the original Complaint, but are named Plaintiffs in the Amended Complaint) filed a Motion for Appointment as Co-Lead Plaintiffs and for Approval of Their Selection of Counsel. Pl.s' Mot. at 1. Defendants did not file an opposition to Plaintiffs' Motion.[2]

## LEGAL STANDARD

The selection of the lead plaintiff is governed by the PSLRA. Further, in this jurisdiction, Civil Local Rule 3-7 provides additional filing and certification requirements for private securities class actions.

Under the PSLRA, the plaintiff who files the first class action complaint must publish a notice advising members of the purported class of the (i) pendency of the action, (ii) the claims asserted therein, (iii) the purported class period, and (iv) their option to move to be appointed as lead plaintiff of the purported class no later than sixty days after the date on which the notice is published. *See* 15 U.S.C. § 78u-4(a)(3)(A).

After notice is published, the Court is required to consider any motion by a class member and appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members (hereafter . . . referred to as the most adequate plaintiff)[.]" *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).

---

[1] Plaintiffs Gerin and Hughes filed the original Complaint in this Action on September 1, 2006.

[2] Defendants submitted a letter on December 5, 2006, indicating: (1) Defendants believe that Gerin and Hughes are barred by *res judicata* from prosecuting the claims at issue in the instant action and (2) Defendants believe there is no venue in this Court for the claims presented by the two more recently named Plaintiffs, Arizpe (of Texas) and Wiseman (of North Carolina). Defendants declined to file any opposition to Plaintiffs' Motion, and now seek to address Plaintiffs' Motion in a letter brief filed well after its opposition was due. This Court does not accept letter briefs, and it was incumbent upon Defendants to file any opposition which they had to the Motion no later than November 28, 2006.

In selecting the lead plaintiff,

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that -
> (aa) has either filed the complaint or made a motion [for designation as lead plaintiff];
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Moreover, the presumption that a plaintiff is adequate may be rebutted:

> only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff -
> (aa) will not fairly and adequately protect the interests of the class; or
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In addition to compliance with the PSLRA, litigants must also comply with Civil Local Rule 3-7. This rule states, in relevant part:

> Certification by Nonfiling Party Seeking to Serve as Lead Plaintiff. Any party seeking to serve as lead plaintiff, but who does not also file a complaint, need not file the certification required in Civil L.R. 3-7(b), but must at the time of initial appearance state that the party has reviewed a complaint filed in the action and either:
>
> 1) Adopts its allegations or, if not;
>
> 2) Specifies the allegations the party intends to assert.

Civ. L.R. 3-7(c) (emphasis in original omitted).

The lead plaintiff selected by the Court has the discretion to retain counsel of its choice to represent the class, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

## DISCUSSION

Plaintiffs have demonstrated that they are the most "adequate plaintiff" within the meaning of the PLSRA. Plaintiffs Gerin and Hughes filed the Complaint in this action, and Wiseman and

3

Arizpe are now named Plaintiffs in the Amended Complaint filed on December 4, 2006.[3]

**1.     Appointment of Lead Plaintiff**

In their Motion, Movants Gerin, Hughes, Wiseman and Arizpe seek to be appointed as Lead Plaintiffs. Movants are the only members of the purported class seeking appointment as Lead Plaintiffs. Rickert Decl. at ¶3.

The Court may adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the person or group of persons who: (1) brought the motion for appointment of lead counsel in response to the publication of notice; (2) has the "largest financial interest" in the relief sought by the class; and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

**(a)     Publication of notice**

Here, the notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I) and (II) have been satisfied. Specifically, Plaintiffs have provided this Court with a copy of the September 7, 2006 notice advising members of the purported class of the (i) pendency of the action, (ii) the claims asserted therein, (iii) the purported class period, and (iv) their option to move to be appointed as lead plaintiff of the purported class no later than sixty days after the date on which the notice is published pursuant to 15 U.S.C. § 78u-4(a)(3)(A). *See* Rickert Decl., Exh. B. Movants satisfied 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) by timely moving for appointment as Lead Plaintiffs on November 6, 2006.

**(b)     Financial Interest**

Wiseman and Arizpe have the largest demonstrated financial interest in this case. Although the PSLRA does not provide any specific guidance with respect to the appropriate method of calculating which plaintiff has the "largest financial interest," district courts typically equate "largest financial interest" with the amount of potential recovery. *See, e.g., In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1107-08 (N.D. Cal. 2001); *see also In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1030 (N.D. Cal. 1999).

---

[3] Prior to Plaintiffs filing their First Amended Complaint, Wiseman and Arizpe both certified that they had reviewed the original Complaint filed in this action and authorized the commencement of an action on their behalf.

4

Here, the documentation submitted to the Court shows that Mr. Wiseman purchased $60,673.48 of the tax deferred variable annuities issued and underwritten by the Aegon Defendants. Mr. Arizpe purchased $835,422.42 of the tax deferred variable annuities issued and underwritten by the Aegon Defendants. Plaintiffs allege the annuity accounts suffered decreases of 44.9-45.7% in value.

It is clear that Mr. Arizpe and Mr. Wiseman have demonstrated that they have the largest financial interest in the relief sought by the class within the meaning of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Together, Mr. Arizpe and Mr. Wiseman have purchased $896,095.90 of the tax deferred variable annuities issued and underwritten by the Aegon Defendants. *See* Rickert Decl. at Exh. A.

It is less clear that Ms. Gerin and Ms. Hughes have demonstrated that they have the largest financial interest in the relief sought. Ms. Gerin purchased $4,000.00 of the tax deferred variable annuities issued and underwritten by the Aegon Defendants. Ms. Hughes purchased $2,989.94 of the tax deferred variable annuities issued and underwritten by the Aegon Defendants.

### (c)  Certification of Named Plaintiff and Compliance with Local Rule 3-7

All of the Movants have complied with 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi) and now all have complied with the requirements of Civil Local Rule 3-7. Gerin and Hughes were named Plaintiffs in the original Complaint. The Amended Complaint names all four Movants as Plaintiffs. Also, Wiseman and Arizpe have submitted sworn amended certifications stating that: (a) they have reviewed the original Complaint and have adopted its allegations; (b) they did not purchase security that is the subject of this litigation at the direction of Plaintiff's counsel or in order to participate in any private action arising under the federal securities laws; (c) they are willing to serve as representative parties on behalf of a class, including providing testimony at deposition and trial, if necessary; (d) in the past three years, they have not sought to serve, and have not served, as a representative party on behalf of a class in any private federal securities action; and (e) they will not accept any payment for serving as a representative party on behalf of the class beyond their pro rata share of any recovery, with the exception of the reasonable costs and expenses that relate to their representation of the class.

5

**(d)     Rule 23(a)**

Movants have satisfied the requirements set forth in Federal Rule of Civil Procedure 23. Rule 23 requires the Court to find that:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative class are typical of the claims and defenses of the class, and
>
> (4) the representatives of the parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

When applying this rule in the context of determining the appropriate lead plaintiff under the PSLRA, the Court considers the third and fourth requirements of "typicality" and adequacy of representation as the key factors. *See In re David Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002); *see also Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA.").

The "typicality" requirement is satisfied when: (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, (2) the claims are based on the same legal theory, and (3) the purported class members and proposed lead plaintiff were injured by the same conduct. *See Armour*, 171 F. Supp. 2d at 1052. The "adequacy" requirement of Rule 23(a)(4) is satisfied when the proposed lead plaintiff does not have interests antagonistic to the proposed class, and when the proposed lead plaintiff has retained experienced and capable counsel. *In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002).

Here, Movants allege that, due to Defendants' allegedly false and misleading representations concerning the tax deferred variable annuities, they suffered damages when they purchased these annuities during the purported Class Period. Movants' claims are therefore typical of the claims of other members of the class. Additionally, it appears that Movants' interests are aligned with those of

6

1 the other class members, and there is no evidence of any antagonism between Movants' interests and
2 those of the purported class.  Further, Movants have obtained qualified and experienced counsel,
3 and, as set forth in their certifications, Movants state that they are willing to assume the
4 responsibilities of class representatives.  *See* Reckert Decl. at Exh. A.  These factors demonstrate
5 that Movants' claims are typical of those of the purported class, as required by Rule 23(a)(3), and
6 that Movants will fairly and adequately represent the interests of the purported class, as required by
7 Rule 23(a)(4).

8 Accordingly, the Court GRANTS IN PART Movants' request and APPOINTS Douglas G.
9 Wiseman, and John Arizpe to serve as Lead Plaintiffs.  The Court also ORDERS Plaintiffs Gerin
10 and Hughes to show cause as to why appointment of Mr. Arizpe and Mr. Wiseman as co-lead
11 Plaintiffs is not adequate.  Plaintiff's response to this ORDER to show cause is due within ten (10)
12 days of the date of this Order, and is limited to five (5) pages.

**2. Selection of Counsel**

14 Movants have requested that the Court approve their selection of Wolf Haldenstein Adler
15 Freeman & Herz to serve as Lead Counsel.  The PSLRA provides that the "most adequate plaintiff
16 shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C.
17 § 78u-4(a)(3)(B)(v).

18 Movants contend that the Court should approve the firm of  Wolf Haldenstein Adler Freeman
19 & Herz as Lead Counsel because the firm possesses extensive experience in litigating securities
20 class actions and has successfully prosecuted numerous securities fraud class actions on behalf of
21 injury investors.  *See* Reckert Decl., Exh. B, Exh. C.  Having reviewed the firm's resume, this Court
22 is satisfied that Wolf Haldenstein Adler Freeman & Herz is sufficiently qualified and experienced in
23 securities class action litigation as the firm is currently the court-appointed lead counsel, co-lead
24 counsel, or executive committee member in numerous large and significant class action securities
25 cases nationwide.

26 As such, this Court APPROVES Lead Plaintiffs' selection of counsel, Wolf Haldenstein
27 Adler Freeman & Herz .
28 IT IS SO ORDERED.

7

Dated: 1/9/07

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge