1

2

3

4    UNITED STATES DISTRICT COURT

5    NORTHERN DISTRICT OF CALIFORNIA

6   CAROLYN A. GERIN and MARY            )        No. C 06-5407 SBA
    KATHLEEN HUGHES, on behalf of        )
7   themselves and all others similarly  )        **ORDER**
    situated,                            )
8                                        )        (Docket Nos. 28, 36, 39, 47 & 51)
                    Plaintiff,           )
9                                        )
           vs.                           )
10                                       )
    AEGON USA, INC., AEGON               )
11  FINANCIAL SERVICES GROUP,
    INC., AFSG SECURITIES
12  CORPORATION, PFL LIFE
    INSURANCE COMPANY, AUSA
13  LIFE INSURANCE COMPANY, INC.,
    WESTERN RESERVE LIFE
14  ASSURANCE CO. OF OHIO, and
    BANKERS UNITED LIFE
15  ASSURANCE COMPANY,

16                  Defendants.
    _____
17

18

19          This matter comes before the Court on the following motions:

20          1.      Defendants' unopposed Motion to Stay [Docket No. 28];

21          2.      Defendants' Motion to Dismiss Plaintiffs Carolyn Gerin and Mary Kathleen Hughes

22                  [Docket No. 36];

23          3.      Defendants' Motion to Transfer Venue [Docket No. 39];

24          4.      Plaintiffs' Motion for Class Certification [Docket No. 47]; and

25          5.      Defendants' Motion for Extension of Time to File Response/Reply [Docket No. 51].

26

27

28

**BACKGROUND**

**I.    The Georgia Action**

The litigation underlying the present motions dates back to 2001, and originated in the United States District Court for the Northern District of Georgia. The parties concede that a lawsuit essentially identical to the instant action was commenced in the Northern District of Georgia on October 1, 2001, *Johnson v. Aegon USA, Inc.*, 1-01-CV-2617-CAP (N.D. Ga. 2001) ("Georgia Action"). Mot. to Stay at 2:17-19; Pl.'s Opp. to Mot. to Stay at 2:9-11 [Docket No. 48, filed on February 17, 2007, withdrawn on March 19, 2007]. In that case, plaintiff Jeffrey Johnson filed a class action complaint against the Defendants in the Northern District of Georgia, asserting claims for federal securities fraud. Mot. to Stay at 3:6-7. The Georgia Action was brought against seven commonly-owned companies which issue, underwrite and sell, pursuant to written prospectuses, a type of security known as a variable annuity. Opp. to Mot. to Stay at 2:11-13. The complaint in the Georgia Action alleged violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l(a)(2), 77o, asserting that Defendants violated the federal securities laws by using prospectuses which contained both materially inaccurate statements and material omissions regarding the variable annuities they offered for sale. Opp. to Mot. to Stay at 2:13-17.

On December 9, 2002, Plaintiffs filed an amended complaint, which added Carolyn Gerin and Mary Kathleen Hughes as additional named plaintiffs. Mot. to Stay at 3:7-9. In the amended consolidated complaint, dated September 8, 2003, Gerin and Hughes asserted causes of action against Defendants for violations of Sections 11, 12(A)(2) and 15 of the Securities Act of 1933, as well as for declaratory and injunctive relief. *Id.* at 3:13-17.

**A.    The Georgia Court's 2004 Order**

On September 24, 2004, the Georgia court dismissed Gerin and Hughes from  the amended consolidated complaint as named plaintiffs pursuant to Federal Rule of Civil Procedure 12(b)(6), finding that Johnson's filing of the initial complaint did not serve to toll the limitations period for the claims of Gerin and Hughes because they were added as named plaintiffs to the amended complaint more than one year after they discovered their claims. Declaration of Daniel McNeel Lane, Jr. in support of Mot.

to Stay ("Lane Decl."), Ex. B at 20-21. Thereafter, the case proceeded with Johnson as the sole plaintiff. Mot. to Stay 3:13-14.

**B.      The Georgia Court's 2006 Order**

In May 2006, Plaintiffs' counsel disclosed that Johnson no longer wished to prosecute his claims against Defendants. Mot. to Stay at 3:15-16. On May 12, 2006, Plaintiffs' counsel filed a Motion for Intervention in Class Certification, requesting that Gerin and Hughes be permitted to intervene in place of Johnson, despite the fact that they had already been dismissed from the case. *Id.* at 3:16-19. Upon Defendants' request, the Georgia court stayed those motions pending the disposition of a motion by Defendants to dismiss the Georgia Action in its entirety, arguing that without Johnson there was no longer a "case or controversy" under Article III of the U.S. Constitution. Opp. to Mot. to Stay at 4:4-10. In its August 31, 2006 Order, the Georgia court ordered the dismissal of Johnson's claims, concluding that the case no longer satisfies the Article III case or controversy requirement. Lane Decl. Ex. D at 8-9. The Georgia court dismissed all other pending motions, including Gerin and Hughes' motion and cross-motion for intervention, as moot. *Id.*

**C.      The Eleventh Circuit Appeals**

Gerin and Hughes have appealed both the 2004 and 2006 Orders to the United States Court of Appeals for the Eleventh Circuit. The question presented in the appeal of the 2004 Order is whether under United States Supreme Court precedent, including *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983), the Georgia District Court erred as a matter of law when it dismissed Gerin and Hughes as named plaintiffs on the ground that the filing of Johnson's Georgia Action did not toll the statute of limitations. Opp. to Mot. to Stay at 5:7-12.

The question presented in the appeal of the 2006 Order is whether the Georgia District Court erred as a matter of law when it dismissed the Georgia Action as moot on Article III grounds without consideration of the interrelated cross-motion to brought by Gerin and Hughes, instead of allowing intervention when the only plaintiff withdrew from the action. *Id.* at 5:12-18. A ruling in their favor on either appellate issue, *i.e.*, a reversal of either Order, would mean that the Georgia Action would proceed.

1

2

**II.      The Current Action**

On September 1, 2006, the day after the Georgia court's 2006 Order denying their attempt to intervene was filed, Gerin and Hughes filed the Class Action Complaint before this Court. Gerin and Hughes assert precisely the same claims for relief against Defendants that they had asserted in the Georgia Action. *Compare* Compl. *with* Lane Decl. Ex. A.

Plaintiffs vociferously opposed the Motion to Stay in their February 13, 2007 Opposition. However, on March 19, 2007 Plaintiffs withdrew their opposition to the Motion and stated their non-opposition to it on the grounds that:

> [a]fter consideration of the appellate briefs recently filed by the parties, plaintiffs have concluded that the Eleventh Circuit's decision may have an effect on some of the motions pending before this Court. Therefore, plaintiffs now believe it is in the interests of judicial efficiency to stay this action pending the decision of the Eleventh Circuit.

Pls.' Statement of Non-Opposition and Withdrawal of Opp. to Defs.' Mot. to Stay at 2:9-12.

## LEGAL STANDARD

**I.      Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if it appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994).  All reasonable inferences are to be drawn in favor of the plaintiff. *Ritchie v. U.S.*,  451 F.3d 1019, 1023 (9th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

**United States District Court**
For the Northern District of California

The court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 987 (9th Cir. 2001), *as amended by* 275 F.3d 1187 (9th Cir. 2001).

## II.     Motion to Transfer Venue

Venue is governed by 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." 28 U.S.C. § 1404(a). The purpose of the section is to "prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

The burden is on the moving party to demonstrate that the balance of conveniences favors the transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Generally, "great weight [is] accorded plaintiffs choice of forum," *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), and the moving party "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1985). However, the plaintiff's choice of forum receives only minimal deference when the plaintiff brings a purported class action. *Lou*, 834 F.2d at 739.

To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). A motion to transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

United States District Court
For the Northern District of California

1    In determining the convenience of the parties and witnesses and the interests of justice, a Court

2    may consider a number of factors including: (1) the plaintiff's choice of forum; (2) the convenience of

3    the parties; (3) the convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of

4    each forum with the applicable law; (6) feasibility of consolidation of other claims; (7) any local interest

5    in the controversy; and (8) the relative court congestion and time of trial in each forum. *Id.* at 498-99.

## III.    Motion to Stay

7        Where a complaint involving the same parties and the same issues has already been filed in

8    another federal district, the court presiding over the later-filed suit may either transfer, stay, or dismiss

9    that suit. This is known as the "first-to-file rule." *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d

10   93, 94-95 (9th Cir.1982); *Alltrade Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 625 (9th Cir.1991). The

11   purpose of the rule is "to avoid the waste of duplication, to avoid rulings which may trench upon the

12   authority of other courts, and to avoid piecemeal resolution of issues that call for a uniform result."

13   *Panasonic Corp. v. Patriot Scientific Corp.,* 2006 WL 709024 at *2 (N.D.Cal .2006) (Jenkins, J.) (citing

14   *Colorado River Conser. Dist. v. United States,* 424 U.S. 800, 818-20 (1976)). It is also intended to foster

15   federal comity. *Pacesetter Systems,* 678 F.2d at 94. Accordingly, the rule "should not be disregarded

16   lightly." *Panasonic Corp.* at *1. The first-to-file rule does not require that the suits be absolutely

17   identical; the crucial inquiry is one of "substantial overlap." *See Nakash v. Marciano*, 882 F.2d 1411,

18   1416 (9th Cir.1989) ("We agree that exact parallelism does not exist, but it is not required. It is enough

19   if the two proceedings are 'substantially similar.'"(citations omitted)).

20       "The first-filed action is preferred . . . 'unless considerations of judicial and litigant economy,

21   and the just and effective disposition of disputes, require otherwise.'" *Serco Servs. Co. v. Kelley Co.,*

22   51 F.3d 1037, 1039 (Fed. Cir.1995) (quoting *Genentech Inc. v. Eli Lilly & Co.,* 998 F .2d 931, 937 (Fed.

23   Cir.1993)). Thus, whether to dismiss, transfer or stay the later-filed action is within the discretion of the

24   district court. *Id.*; *see also USA Scientific, LLC v. Rainin Instrument*, LLC 2006 WL 3334927, *1 (N.D.

25   Cal., 2006) (Armstrong, J.).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**ANALYSIS**</u>

**I.      Motion to Dismiss on Res Judicata Grounds**

The doctrine of res judicata bars litigation of claims that were or could have been raised in a prior action. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th. Cir. 2002).  The doctrine applies whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citing *Western Radio Services Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997)).

Plaintiffs concede that the instant action involves the same claims and the same parties as the Georgia Action. Opp. to Mot. to Dismiss at 7:11-13 ("Gerin and Hughes [do not] dispute that they have asserted essentially the same claims in this action as that they asserted in the Georgia Action, [n]or that they are suing essentially the same defendants in this action as they sued in the Georgia Action."). However, Plaintiffs argue that because the 2006 Order dismissed the Georgia Action as "moot," it did not reach the merits of the case for the purposes of res judicata. Opp. to Mot. to Dismiss at 7:21-8:13 (citing, inter alia, *Media Techs. Licensing, LLC v. Upper Deck Co.*, 334 F.3d 1366, 1369-70 (Fed. Cir. 2003) (because Article III standing "is jurisdictional, lack of standing precludes a ruling on the merits" and therefore a judgment based on Article III should not be afforded res judicata effect).

Plaintiffs correctly point out, however, that the 2004 Order was "merged" into the Final Judgment rendered in 2006. *See Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1563 (11th Cir. 1993) (when a district court enters a final and appealable order disposing of a case, "all prior non-final orders and rulings which produced the judgment are merged into the judgment and subject to review on appeal" (internal quotations and citation omitted).). The 2004 Order dismissed Hughes and Gerin's claims on statute of limitations grounds, which constitutes a dismissal with prejudice. The 2006 Order only dismissed *Johnson's* claims as moot - not Gerin and Hughes', which had already been dismissed on statute of limitations grounds. The Georgia court did not render any decision on Gerin and Hughes's motion to intervene in its 2006 Order, and therefore its dismissal of Johnson's action as moot does not neutralize the preclusive effect of the 2004 dismissal of  Gerin and Hughes's claims.

Rule 12(b)(6) dismissals are granted based on a plaintiff's failure to plead a cognizable claim. Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a

7

"judgment on the merits" to which res judicata applies. *Stewart*, 297 F.3d at 957 (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3 (1981)). Because the 2004 Order constitutes a dismissal of Gerin and Hughes' claims with prejudice it has a preclusive effect for the purposes of res judicata**.** That the Order contained somewhat inscrutable dicta possibly suggesting otherwise is of no avail to Plaintiffs.[1] The Court therefore grants the Motion to Dismiss plaintiffs Gerin and Hughes.

However, since granting the Motion to Dismiss will not dispose of the entire action, the Court must also consider Defendants' Motions to Transfer Venue.

## II.   Motion to Transfer Venue

Defendants have moved to transfer venue of this case to either the United States District Court for the Middle District of Florida, where the principal place of business of the primary defendant is located, or, in the alternative, to the Western District of Texas, where the lead plaintiff with the largest financial stake in the litigation resides.

Plaintiff's only basis for filing the suit in this venue is that Gerin and Hughes reside here and purchased their annuities here.  Opp. to Mot. to Transfer Venue at 5:4-7:6.  Thus, in the event plaintiffs Gerin and Hughes are dismissed, there will be essentially no reason for venue in the Northern District of California. Absent the presence of a plaintiff with ties to the forum, the plaintiff's choice of forum is accorded little weight when there is no connection of the underlying claims to the forum. *Lou*, 834 F.2d at 739. Moreover, Defendants make a compelling case for transfer: the primary defendants are located in Florida, the acts giving rise to the claims occurred in Florida, and a number of witness reside in Florida. The annuities that all four Plaintiffs purchased, and that are at the center of this suit, were issued by defendant Western Reserve Life Assurance Co. ("WRL"), which maintains its principal place of business in Clearwater, Florida. Mot. to Transfer at 3:11-19. Consequently, most of the Defendants' material witnesses and documentary evidence are located in Florida. *Id.* Most importantly, however, the prospectuses and marketing materials about which Plaintiffs complain, and which are the centerpiece

---

[1]The Georgia court's statement in dicta that "[T]he dismissal of Ms. Gerin and Ms. Hughes as named plaintiffs does not necessarily preclude them from being added at a future stage in this litigation as class members should the court certify the purported class" (Lane Decl. Ex. B at 21) is wholly inconsistent with its dismissal of Gerin and Hughes' claims on statute of limitations grounds.

of this litigation, were drafted, reviewed, edited and approved in Florida, and thus the operative facts on which the complaint is based transpired in Florida. Reply at 2:11-16.

### A.    Jurisdiction and Venue in Transferee Court

On a motion to transfer, the moving party must show that the transferee court has complete personal jurisdiction over the defendants, subject matter jurisdiction over the claims, and proper venue had the claim originally been brought in that court.  *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).

Here, there is no genuine dispute that the instant action might have been properly brought in the Middle District of Florida.  The Middle District of Florida has personal jurisdiction over WRL because WRL does business in Florida. Further, pursuant to 28 U.S.C. § 1391(c), venue is proper for corporations in any district in which a court has personal jurisdiction over that corporation.  28 U.S.C. § 1391(c).  Last, the Middle District of Florida would have subject matter jurisdiction over the California action, as the claims in the California action involve a federal question.  Accordingly, the Court must consider whether the convenience and justice factors warrant transfer of venue.

### B.    Convenience and Justice Factors

#### 1.    Interests of Justice

The first factor that this Court must evaluate is whether the instant Motion to Transfer Venue serves the interests of justice.  The "interests of justice" consideration is the most important factor a court must consider, and may be decisive in a transfer motion even when all other factors point the other way. *London and Hull Mar. Ins. Co. Ltd. v. Eagle Pac. Ins. Co.*, 1996 WL 479013, * 3 (N. D. Cal. 1996) (Wilken, J.)(citing 15 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3854 (1986)); *see also Pratt v. Rowland*, 769 F.Supp. 1128, 1133 (N.D. Cal.1991) (citing 15 Wright & Miller, supra, § 3851). A major consideration is the desire to avoid multiplicity of litigation from a single transaction. *London and Hull*, 1996 WL 479013, * 3. Indeed,  in dictum, the Supreme Court has suggested that courts should give great weight to this consideration: "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. The FBL*-585, 364 U.S. 19, 26 (1960).

1    While transferring this case to the Middle District of Florida will not actually reduce the current

2    multiplicity of cases relating to the underlying transaction, it serves the interests of justice in that it

3    will discourage forum-shopping by potential plaintiffs, such as Gerin and Hughes, who appear to be

4    attempting to re-litigate their failed case in more sympathetic forum, as discussed below. *See*

5    *Williams*,157 F. Supp. 2d at 1106. Additionally, as the Court grants the Motion to Dismiss, there is

6    essentially no connection between the present venue and the action. Since a major consideration in

7    ruling on a motion under § 1404(a)  is the desire to avoid multiplicity of litigation from a single

8    transaction**,** *Continental Grain*, 364 U.S. at 26, the interests of justice support transferring this case to

9    Defendants' preferred forum.

10                  **2.      Convenience Factors**

11    As set forth below, Defendants have persuasively established that the remaining applicable *Jones*

12    factors weigh in favor of transfer.

13                  **a.      Plaintiffs' Choice of Forum**

14    The first *Jones* factor to be considered is Plaintiffs' choice of forum.  Ordinarily, there is a strong

15    presumption in favor of the plaintiffs' choice of forum. *Lou*, 834 F.2d at 739. However, the plaintiffs'

16    choice of forum is given little deference where, as here, the action is brought on behalf of a class.  *Id.*

17    Further, "[i]f there is any indication that plaintiff's choice of forum is the result of forum shopping,

18    plaintiff's choice will be accorded little deference." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106

19    (N.D. Cal. 2001) (Wilken, J.). Moreover, if the operative facts have not occurred within the forum and

20    the forum has no interest in the parties or subject matter, the plaintiff's choice is entitled to only minimal

21    consideration. *Lou*, 834 F.2d at 739.

22    This appears to be a textbook case of forum-shopping. Plaintiffs Gerin and Hughes, having

23    utterly failed in the Georgia Action, have chosen to simply re-file their dismissed complaint in another

24    forum - a forum which Plaintiffs concede is more favorable to securities class-actions. Opp. at 14:2. To

25    add insult to injury, Gerin and Hughes have shopped for another forum while review of the first-filed

26    case is still pending before the Eleventh Circuit. Finally, the history of the Georgia Action demonstrates

27    that the Northern District of Georgia, and not the Northern District of California, is Plaintiff's first

28    choice of venue. Accordingly, no weight should be given to the Plaintiffs' choice of forum in this action.

**United States District Court**
For the Northern District of California

10

*See Tiffany v. Hometown Buffet, Inc.*, 2006 WL 2792868, at *2 (N.D. Cal. 2006) (Armstrong, J.) (stating that fact that Northern District of California was plaintiff's second choice of venue militated against deference to that choice).

> **b.**      **Convenience of Parties and Witnesses and Access to Evidence**

Additionally, the Court may consider whether the transferee court would be more convenient for the parties and witnesses and whether the transferee court would provide the parties with easier access to evidence. As describe above, Defendants make a compelling case for transfer: the primary defendants are located in Florida, the acts giving rise to the claims occurred in Florida, and a number of witness reside in Florida. Mot. to Transfer at 3:11-19. Plaintiffs, on the other hand, present no affirmative reasons for keeping the case in the present venue other than the residence of Gerin and Hughes, rather, they simply argue that Defendants' reasons are unpersuasive.  Opp. at 5-14.

Absent the presence of Gerin and Hughes in this case, Plaintiffs have no argument for keeping this case in the present venue. The two named plaintiffs (and the *only* remaining plaintiffs, since the Court grants the Motion to Dismiss), John Arizpe and Douglas G. Wiseman, reside in North Carolina and Texas, respectively, both of which are closer to Florida than California. Opp. at 1:12. Finally, as evidenced by their pursuit of their litigation in Georgia, which is adjacent to Florida,  for the last five years, Gerin and Hughes can scarcely complain that they are unable to litigate their claims away from their home venue.

> **III.**      **Balancing the Factors**

The interests of justice strongly weigh in favor of granting the motion to transfer in order to discourage forum-shopping and duplicative litigation.  Moreover, the convenience of the parties and witnesses also favors transfer to Florida.  "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration." *Lou*, 834 F.2d at 739. Accordingly, the Court grants the Motion to Transfer.

> **III.**      **Motion to Stay**, **Motion for Class Certification and Motion for Extension of Time**
>               **to File Response/Reply**

As the Court grants the Motion to Dismiss and the Motion to Transfer Venue, the remaining motions are denied as moot.

1

**CONCLUSION**

2     Accordingly,

3     IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss [Docket No. 36] is

4 GRANTED, and Defendants' Motion to Transfer Venue  [Docket No. 39] is GRANTED. This matter

5 is hereby ordered TRANSFERRED to the United States District Court for the Middle District of Florida.

6 The Clerk of the Court shall transfer the file forthwith.

7     Defendants' Motion to Stay [Docket No. 28], Plaintiffs' Motion for Class Certification [Docket

8 No. 47] and Defendants' Motion for Extension of Time to File Response/Reply [Docket No. 51] are

9 DENIED AS MOOT .

10     IT IS SO ORDERED.

11

12

13     Dated: 4/3/07                         SAUNDRA BROWN ARMSTRONG
                                              United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California